UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN BARTOLUTTI, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, in his official capacity,<br><br>    Defendant. | Civil No. 06-00513-E-RJB<br><br>**THIRD PROTECTIVE ORDER** |

  Upon review of the Third Stipulated Protective Order, pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), and good cause appearing therefore,

  IT IS HEREBY ORDERED:

  1. This Third Stipulated Protective Order applies to: twenty-five (25) typed pages of transcribed day timer notes from Marshal Patrick McDonald's 2002 through 2005 day timers, Bates Nos. DO4993-DO5017.

  2. The undersigned hereby agree the United States Marshals Service will release three (3) copies of these documents for the purposes of use in this litigation only.  Plaintiff's counsel shall not make any further copies of these documents and shall prevent the dissemination of the three (3) copies to the general public.

  3. The undersigned further agree plaintiff's counsel will limit disclosure of the three (3) copies of these documents to the following categories of persons:  plaintiff, plaintiff's expert witnesses, and legal assistants to plaintiff's counsel.  Prior to the disclosure of these documents to

**THIRD PROTECTIVE ORDER - Page 1**

any persons in these categories, those persons will be required to sign the attached Confidentiality Agreement.  Plaintiff's counsel shall forward copies of all signed Confidentiality Agreements to defense counsel for the purposes of maintaining records of all persons in receipt of copies of these documents.

4.  Upon the close of litigation in the above-referenced case, the undersigned agrees that plaintiff's counsel shall return all three (3) copies of the documents to defense counsel.

5.  Each party included under this Second Stipulated Protective Order shall take all necessary precautions to prevent public disclosure of these documents, including, but not limited to, physically securing, safeguarding, and restricting access to them.  The confidentiality of these documents shall be maintained in perpetuity.

6.  The parties further understand and agree that they will not seek to hold Michael B. Mukasey, Attorney General for the United States of America, or any of his agents or employees liable for any alleged violations of the Freedom of Information Act or Privacy Act, which may arise out of the disclosure of any such documents or information under this Second Stipulated Protective Order.

7.  This stipulation does not include any agreements or understandings upon the question of whether any particular document or information that may be disclosed under this stipulation is properly discoverable or admissible.  However, any such documents ultimately deemed admissible shall, if filed with the court or offered into evidence, be filed under seal.

8.  That nothing herein shall prohibit Michael B. Mukasey, Attorney General for the United States of America or any of his agents, officers or employees from using any of the documents or information that may be produced under this stipulation for any other lawful purpose, including disclosing the documents and information to anyone in any manner otherwise deemed appropriate.

**THIRD PROTECTIVE ORDER - Page 2**

9. Any allegations of abuse or violation of this order shall be considered by the Court. If an allegation of abuse or violation of this order is found, the Court may take disciplinary action against the appropriate parties.

**IT IS SO ORDERED.**

DATED this 13th day of February, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

**THIRD PROTECTIVE ORDER - Page 3**