1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BARTOLUTTI, an individual,

Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General of
the United States, in his official capacity,

Defendant.

Case No. C06-513 - E - RJB

ORDER

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Dkt. 36),
Plaintiff's Motion to Strike Affidavits and Exhibits Submitted in Support of Defendant's Reply Brief on
Motion for Summary Judgment (Dkt. 53), and Defendant's Motion for Leave to File Supplemental
Declarations (Dkt. 55). The court is familiar with the records and files herein and heard oral argument by
telephone on the pending Motion for Summary Judgment on 25 April 2006. The court is fully advised.

The parties should understand that the rulings herein are not intended to be rulings on the
admissibility of evidence, but only on the viability of plaintiff's claims. Issues regarding evidence may be
resolved by motions *in limine* or by offers and objections at trial.

The parties should also be aware that this order is not intended to be a full discussion of the issues
raised by these motions. The Pretrial Conference is set for 2 May, and trial for 12 May, and prompt and
accurate rulings are more important at this stage of the proceedings than are pretty and accurate rulings.
Accordingly, the court will be somewhat conclusory in its rulings on these pending motions.

Defendant's Motion to Strike (Dkt. 53) should be granted, and Defendant's untimely Motion for Leave to File Supplemental Declarations (Dkt. 55) should be denied.  It is late in the proceedings to reopen the pending summary judgment for additional showings by both parties, which would be necessary if the plaintiff's supplemental submissions were to be considered by the court.  Those submissions (Dkts. 50-3 through 50-18) were filed without the authority required under Federal Rule of Civil Procedure 56 (e) and Local Rule 7.1(b), and should not now be considered by the court.

The Order (2) Granting the Defendant United States of America's Motion to Dismiss (Dkt. 23), dismissed certain claims and referred to, beginning at page 6, line 27, the claims that remained in the case. By separate order (Dkt. 57), plaintiff's' rehabilitation act claim was dismissed and this order will address the remaining claims of sex discrimination and retaliation, and will narrow the claims not dismissed by this order.

In ruling on the Motion for Summary Judgment, the court has applied the following rules of law:

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the non-moving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence

1   at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*,

2   809 F.2d at 630 (relying on *Anderson, supra*).  Moreover, conclusory, non specific statements in affidavits

3   are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497

4   U.S. 871, 888-89 (1990).

5          Once the moving party has raised an issue, based on the pleadings, the burden shifted to the

6   nonmoving party to make a sufficient showing on all essential elements of its claim.  *See Celotex Corp. V.*

7   *Cartrett*, 477 U.S. 317, 323-325 (1985).  In addition, "[i]t is not our task, or that of the district court, to

8   scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify

9   with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,

10  91 F.3d 1275, 1279 (9th Cir. 1996).

11         [A] *prima facie* sex discrimination case requires the employee to show: "(1) she belongs to a

12  protected class, (2) she was performing according to her employer's legitimate expectations, (3) she

13  suffered an adverse employment action, and (4) other employees with qualifications similar to her own

14  were treated more favorably." *Noyes v. Kelly Services*, 488 F.3d 1163 (9th Cir. 2007) (quoting *Godwin v.*

15  *Hunt Wessing, Inc.*, 150 F.3d 1217 (9th Cir. 1998)).

16         To establish a retaliation claim under Title VII, "a plaintiff must show (1) involvement in a

17  protected activity; (2) an adverse employment action and (3) a causal link between the two." *Brooks v.*

18  *City of San Mateo*, 229 F.3d 917 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.*, 113 F.3d 1079 (9th

19  Cir. 1997)).  The causal link between a protected activity and the alleged retaliatory action can be inferred

20  from timing alone when there is a close proximity between the two." *Thomas v. City of Beaverton*, 379

21  F.3d 802 812 (9th Cir. 2004) *See e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376, 9th Cir. 1987) (holding

22  that sufficient evidence of causation existed where adverse employment action occurred less than three

23  months after the protected activity); *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731-21 (9th Cir. 1986)

24  (concluding that there was adequate evidence of a causal link where the retaliatory action occurred less

25  than two months after the protected activity).

26         "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1)

27  that [s]he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was

28  unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the

1   plaintiff's employment and create an abusive work environment." *Gregory v. Widnall*, 153 F.3d 1071,

2   1074 (9th Cir. 1998) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1527, (9th Cir. 1995)).

3     The Ninth Circuit interprets the requirement for an adverse employment action broadly. *Ray v.*

4   *Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000).   An adverse employment action is shown where the

5   employer's decision imposed a "materially adverse change in the terms and conditions [of a person's]

6   employment." *Chuang v. University of California Davis, Bd. Of Trustees*, 225 F.3d 1115, 1126 (9th Cir.

7   2000).  The Supreme Court has clarified that "a plaintiff must show that a reasonable employee would have

8   found the challenged action materially adverse[.]" *Burlington Northern & Sane Fe Ry. Co. v. White*, 126 S.

9   Ct. 2405 2415 (2005).

10    When a plaintiff submits *prima facie* evidence of a discrimination or retaliation claim, "the burden

11  of production shifts to the employer to present legitimate reasons for the adverse employment action. Once

12  the employer carries this burden, plaintiff must demonstrate a genuine issue of material fact as to whether

13  the reason advanced by the employer was a pretext.  Only then does the case proceed beyond the summary

14  judgment stage." *Brooks*, 229 F.3d at 928.

15    "[A] plaintiff can prove pretext in two ways: (1) *indirectly*, by showing that the
    employer's proffered explanation is "unworthy of credence" because it is internally

16  inconsistent or otherwise not believable, or (2) *directly*, by showing that unlawful
    discrimination more likely motivated the employer." *Chuang*, 225 F.3d at 1127 (emphasis

17  added) (citing *Godwin*, 150 F.3d at 1220-22); *see [Texas Dep't of Cmty. Affairs v.]*
    *Burdine*, 450 U.S [248]. at 256, 101 St. Ct. 1089.  "All of the evidence [as to pretext] -

18  whether direct or indirect - is to be considered cumulatively." *Raad [v. Fairbanks N Star*
    *Borough Sch. Dist]*, 323 F.3d [1185,] at 1194 [, (9th Cir. 2003)].

19

20    Where the evidence of pretext is circumstantial, rather than direct, the plaintiff must
    present "specific" and "substantial" facts showing that there is a genuine issue fore trial.

21  *Godwin*, 150 F.3d at 1222.  However, that requirement is tempered by our observation that,
    in the context of Title VII claims, the burden on plaintiffs to raise a triable issue of fact as t

22  pretext is "hardly an onerous one." *Payne v. Norwest Corp.*, 113 F/3d 1079, 1080 (9th Cir.
    1997.

23  *Noyes*, 488 F.3d 1163, 1170 (9th Cir. 2007).

24    It is questionable whether plaintiff claimed a hostile work environment in her EEOC complaints and

25  whether she pled hostile work environment in her Amended Complaint.  Even assuming that plaintiff's

26  EEOC Complaint and Amended Complaint, were broad enough to encompass a claim of hostile work

27  environment, plaintiff has not shown sufficient facts to carry such a claim forward.  She has not put forth

28  facts that she was subjected to verbal or physical conduct of a sexual nature, nor that any inappropriate

1    sexual conduct was sufficiently severe or pervasive to alter the conditions of her employment so as to

2    create an abusive work environment.  Unpleasantness in the workplace is not sufficient to carry such a

3    claim forward.

4          Certain of plaintiff's other claims can be analyzed in terms of whether an adverse employment

5    action has been alleged, since that is an element that must be proved for both sex discrimination claims and

6    retaliation claims.

7          Plaintiff has apparently abandoned, as individual claims, certain events that were listed in the

8    Amended Complaint, and at the time oral argument, plaintiff argued that only five of the events alleged

9    gave rise to adverse employment actions:   Events surrounding plaintiff's fitness test in December 2003,

10   and January and February 2004; light duty status arising on or around 11 December 2003; denial of light

11   duty work beginning in March 2004; receipt of letters of caution and warning; and being placed under a

12   new employee in and after March 2004.

13         The events surrounding the fitness test did not amount to an adverse employment action.  Being

14   required to take that test while on medically unrestricted duty, is not an adverse employment action.  That

15   claim should be dismissed.

16         There is nothing about being placed on light duty status in 2003 that amounts to an adverse

17   employment action, and that claim should be dismissed.

18         The receipt of letters of caution or warning do not amount to an adverse employment action, and

19   that claim should be dismissed.

20         The events surrounding the failure of the defendant to provide plaintiff with light duty after March

21   2004, and the events surrounding her informal demotion to an apparently subservient position to a newer

22   male employee do, arguably, amount to adverse employment actions under the test listed above.  On this

23   claim only, it appears that plaintiff has made out a *prima facie* case for both sex discrimination and

24   retaliation, under the tests listed above.  While defendant has come forward with a non-discriminatory and

25   non-retaliatory reason for its action in regard to these matters, there is enough in the record to carry

26   forward the issue of whether the defendant's claimed reasons were a pretext for unlawful sexual

27   discrimination and/or retaliation for filing EEOC complaints.

28

ORDER
Page - 5

Accordingly, the case may go forward under the only remaining claims of denial of light work from March 2004 to plaintiff's retirement date in March 2005, and on plaintiff's loss of status as deputy-in-charge of the Pocatello Marshal's Office, including loss of the ability to be the "decider" as to when light work was available.

All other claims should be dismissed.  Therefore, it is now

**ORDERED** that the Motion to Strike Affidavits and Exhibits Submitted in Support of Defendant's Reply Brief on Motion for Summary Judgment (Dkt. 53) is **GRANTED**; it is further

**ORDERED** that Defendant's Motion for Leave to File Supplemental Declarations (Dkt. 55) is **DENIED**; it is further

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 36) is **DENIED** in part and **GRANTED** in part as stated herein.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of April, 2008.

Robert J. Bryan
United States District Judge

ORDER
Page - 6