UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN BARTOLUTTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, in his official capacity,<br><br>Defendant. | Case No. C06-00513-E-RJB<br><br>ORDER GRANTING MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL AND ORDER STAYING CASE |

This matter comes before the court on the Plaintiff's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Continuation of Trial (Dkt. 69). The court is familiar with the records and files herein and documents filed in support of the motion, and held informal oral argument on the motion by telephone on May 2, 2008. The court is fully advised.

By Order (Dkt. 58) and Order Denying Motion for Reconsideration (Dkt. 64), the Court dismissed plaintiff's claim having to do with her participation in the push-ups portion of the FIT test in February 2004. The record reflects that that claim is at the heart of plaintiff's alleged damages, and is more important to her overall claims than those claims that remain after the aforementioned ruling. Furthermore, it appears to the Court, and the Court finds, that the Court's orders dismissing the claims having to do with plaintiff's participation in the push-ups portion of the FIT test in February 2004 involves a controlling question of law as to which there is substantial ground for difference of opinion, and further finds that there is no just reason for delay, and all issues surrounding that claim should be expeditiously resolved. It further

1 appears to the Court, and the Court finds, that an immediate appeal from said orders may materially
2 advance the ultimate termination of the litigation.  To proceed to trial on the remaining issues in the case
3 would substantially increase the costs of the litigation in the event of a reversal on appeal.  If the case is not
4 stayed pending resolution of issues surrounding the FIT test claim, two trials with evidence very
5 substantially overlapping would be necessary and would substantially increase the expense resolved in
6 determination of the case.

7 Under the foregoing circumstances, and for the reasons stated herein, plaintiff should have the
8 opportunity to apply for an appeal to the Ninth Circuit Court of Appeals of the Court's orders that denied
9 plaintiff's claims having to do with her participation in the push-ups portion of the FIT test in February
10 2004, and this case should be stayed pending completion of such appeals in the Ninth Circuit Court of
11 Appeals.  Furthermore, the parties should advise this Court forthwith upon completion of appellate activity
12 so that this Court can complete processing the case to judgment on an expedited basis.  Therefore, it is
13 now

14 **ORDERED** that Plaintiff's Motion for Certification of Order for Interlocutory Appeal Under 28
15 U.S.C. § 1292(b) (Dkt. 69) is **GRANTED**; it is further

16 **ORDERED** that this case is **STAYED** and that counsel should advise the District Court forthwith
17 upon completion of all appellate activity.

18 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
19 party appearing *pro se* at said party's last known address.

20 DATED this 2nd day of May, 2008.

_____
ROBERT J. BRYAN
United States District Judge